T.C. Summary Opinion 2001-57

UNITED STATES TAX COURT

DOUGLAS AND CAROLE RITTER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16177-99S.                    Filed April 17, 2001.

Douglas and Carole Ritter, pro se.

<u>Kevin M. Murphy</u> and <u>Edward D. Fickess</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,809 in petitioners' 1996 Federal income tax. After concessions,[2] the sole issue is whether petitioner[3] is entitled to an itemized deduction of $4,656 for investment interest paid on a loan to purchase silver coins. Petitioners resided in Lisle, New York, at the time the petition was filed.

The relevant facts may be summarized as follows. Around 1990, petitioner began purchasing silver coins as an investment. He borrowed money from the Wilmington Trust bank to finance the purchases. Wilmington Trust held the coins. During 1996, petitioner paid Wilmington Trust $4,656 in interest on the loans used to purchase the silver coins. Petitioner received no income from his investment in silver coins during 1996. Petitioners reported no income from dividends, interest, royalties, or annuities.

Petitioners owned at least eight rental apartments in the Binghamton, New York, area. Petitioners reported net rental

---

[2]   Respondent concedes that petitioners are entitled to a sec. 179 deduction of $4,261. Petitioners concede that their claimed Schedule E (Supplemental Income and Loss) deduction of $10,160 for medical expenses is improper, and that only $6,434 was incurred for medical expenses deductible as allowed on Schedule A (Itemized Deductions).

[3]   Petitioner Carole Ritter did not appear at the trial or execute the stipulation of facts. With respect to her, we dismiss this case for failure to prosecute. See Rule 123(b). The decision, when entered, will be in the same amount as determined against petitioner Douglas Ritter. In the opinion, references to petitioner are to Douglas Ritter.

income of $10,864 from these properties.  Petitioners did not employ a real estate agent to manage any aspect of the apartments.  Rather, petitioner handled the advertising for the apartments, rented the apartments, collected the rents, and did all of the maintenance, including painting, plumbing repairs, etc.  Petitioner spent at least 30 hours a week managing the apartments.  For the purpose of the New York State social services, it has been determined that during 1996 the rental apartments were assets of petitioners' trade or business.

On Schedule A, Itemized Deductions, of their 1996 Federal income tax return petitioners deducted $4,656 paid to Wilmington Trust as investment interest.  Respondent disallowed the deduction.

Section 163(d)(1) limits a noncorporate taxpayer's deduction for investment interest to "the net investment income of the taxpayer for the taxable year."  Section 163(d)(4)(A) defines "net investment income" as the excess of investment income over investment expenses.  Section 163(d)(4)(B) provides that "investment income" is the sum of the gross income from property held for investment plus the ordinary gain attributable to the disposition of such property.  Section 163(d)(5)(A)(ii) defines "property held for investment" as, inter alia,[4] any interest held

---

[4]    Investment income also includes interest, dividends, annuities, or royalties not derived in the ordinary course of a trade or business.  See secs. 163(d)(5)(A)(i), 469(e)(1).

by a taxpayer in an activity involving the conduct of a trade or business "which is not a passive activity" and with respect to which the taxpayer does not "materially participate", as the terms are used in section 469.  Sec. 163(d)(5)(C).

Respondent agrees that the interest paid to Wilmington Trust is interest on petitioner's investment in silver coins. Respondent contends, however, that petitioners' deduction is limited to the amount of the "investment income", which is zero. Petitioners maintain that the net rental income received and reported on Schedule E, Supplemental Income and Loss, constitutes investment income.

In this regard, petitioners must contend that, as "property held for investment", their rental real estate properties were held in a trade or business activity "with respect to which * * * [petitioner] does not materially participate."  Sec. 163(d)(5)(A)(ii)(II).  Material participation is defined by section 469(h)(1) as an involvement in the operation of the activity on a regular, continuous, and substantial basis.  See also sec. 1.469-5T, Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988).  By his own admission, petitioner spends over 30 hours per week operating and maintaining the rental apartments, and he is responsible for all the administrative duties associated with the rental properties.  From the facts in this record it is clear that petitioner materially participates in the

rental activities.  Accordingly, under section 163(d)(5)(A)(ii) the rental properties are not "[properties] held for investment", and the income from them is not available to offset petitioner's investment interest.

Reviewed and adopted as the report of the Small Tax Case Division.

An order of dismissal for lack of prosecution will be entered as to Carole Ritter, and decision will be entered under Rule 155.